UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LENITA B. EAKER,
Plaintiff-Appellant,

v.

No. 98-2756

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CA-95-145-5-V)

Argued: May 2, 2000

Decided: July 11, 2000

Before WILKINSON, Chief Judge, and WILLIAMS and
TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Philip Max Teague, TEAGUE & CARPENTER, States-
ville, North Carolina, for Appellant. Joseph L. Brinkley, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee. **ON
BRIEF:** Walter B. Patterson, LEWIS & PATTERSON, Statesville,
North Carolina, for Appellant. Mark T. Calloway, United States
Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lenita B. Eaker challenges the Social Security Commissioner's denial of her claim for disability benefits. See 42 U.S.C. § 405(g) (1994). A magistrate and district court judge both affirmed the Commissioner's denial. Because the Commissioner's decision is supported by substantial evidence, see Hays v. Sullivan , 907 F.2d 1453, 1456 (4th Cir. 1990), we affirm the judgment of the district court.

Eaker argues that the Administrative Law Judge's finding that she did not have a severe impairment on or before September 30, 1985 is not supported by substantial evidence. September 30, 1985 is a critical date because it is when Eaker's insured status expired. Unless she can establish that she was disabled on or before this date, Eaker is not entitled to disability insurance benefits. See 20 C.F.R. § 404.131(a)(1999). We find Eaker's claim, for the reasons stated in the magistrate judge's thorough opinion, to be without merit. There was substantial evidence that Eaker did not suffer a severe impairment before September 30, 1985, and thus is not entitled to disability benefits.

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (1994). Further, Social Security regulations state that there is no disability if "you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c) (1999). Basic work activities are those that are required for most jobs, such as walking, standing, sitting; the capacity to see, hear, speak, understand, carry out and remember simple instructions; and the ability to use judgment. Id. at § 404.1521.

2

Eaker suffered from a variety of medical conditions before September 30, 1985, including episodic discomfort of the right arm, shoulder, and neck; episodic lumbosacral discomfort accompanied by numbness of the right hand; and episodic vision impairment due to optical neuritis. Each condition was, however, episodic . The ALJ conducted an extensive inquiry into the nature and degree of each ailment and correctly concluded that none of these conditions, either singularly or cumulatively, significantly limited Eaker's physical or mental ability to do basic work activities for a period of twelve months or more.

For example, Eaker's medical history indicates that her 1978 optical neuritis "cleared nicely with Prednisone after a few weeks." Equally instructive is the assessment of Dr. Barrie J. Hurwitz, Associate Professor of Neurology at Duke University, who began treating Ms. Eaker in 1988. At this time, three years after Eaker's insured status expired, Dr. Hurwitz described Eaker as being "active and taking care of her family" and stated that "she does not appear to have restricted her activities at all."

Eaker attempts to make much of the fact that she was diagnosed as "probably" having multiple sclerosis as early as 1978. At no point before September 30, 1985, however, was this diagnosis ever confirmed. Moreover, the ultimate determination of whether Eaker is entitled to disability benefits properly turns on whether she suffered a severe impairment during the period she was insured rather than the timing of a given diagnosis. And it is clear that as recently as 1988 she was not severely impaired.

In sum, we agree with the magistrate judge and the district court that the ALJ's finding is supported by substantial evidence. Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the applicable law, we conclude that the district court correctly affirmed the Commissioner's decision. Accordingly, we affirm on the reasoning of the magistrate judge as adopted by the district court. See Eaker v. Apfel, No. 5:95CV145-V (W.D.N.C. Sept. 17, 1998).

AFFIRMED

3